UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBENSON OTILUS,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-8401-DC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner entered the United States without inspection in May 2024. He filed applications for asylum, temporary protected status, and employment authorization. On July 12, 2026, immigration officers detained petitioner. Petitioner, appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention under 8 U.S.C. § 1225(b)(2) violates the law. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner entered the United States without inspection in May 2024. ECF No. 6-1 at 2. He filed applications for temporary protected status and employment authorization in May 2025. *Id.* He filed an asylum application in July 2025. *Id.* On July 12, 2026, immigration authorities took petitioner into custody. *Id.* Petitioner states that he was rammed by an ICE vehicle during the arrest and injured. ECF No. 1 at 6. ICE served petitioner with a notice to appear. ECF No. 6-

1 at 4. That same day, ICE decided to detain petitioner, who requested that an immigration judge review that decision. *Id.* at 9. ICE mandatorily detained petitioner since that date without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) until after he filed his petition for writ of habeas corpus on October 13, 2026. ECF No. 1 at 2. He then was taken to immigration court for a custody redetermination hearing, at which he indicated that he wanted to wait for the decision on this petition. ECF No. 6-2 at 1. Respondent maintains that ICE is detaining petitioner under 8 U.S.C. § 1225(b)(2)(A). *See* ECF No. 6 at 1.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his detention under 8 U.S.C. § 1225(b)(2) without the opportunity for a bond hearing violates the law.[1] ECF No. 1 at 2. Respondent states that ICE detained petitioner under 8 U.S.C. § 1225(b)(2)(A), which allows for mandatory detention without a bond hearing. ECF No. 6 at 1. Respondent recognizes that the Court of Appeals, in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), has rejected this position. *Id.*

---

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

In *Rodriguez Vazquez*, the Court of Appeals held that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), applies to noncitizens who entered without inspection and are detained by ICE in the interior of the United States. *Rodriguez Vazquez*, 183 F.4th at 1165.[2] Petitioner was arrested inside the United States after living and working here for two years. *See* ECF No. 1 at 6. Respondent concedes that petitioner's detention falls under *Rodriguez Vazquez.* ECF No. 6. In other words, while the government continues to argue that section 1225(b)(2)(A) applies to petitioner, it recognizes that binding authority does not support this position. Accordingly, I find that petitioner's detention is governed by section 1226 and not, as respondent maintains, by section 1225.

Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 7. Respondent indicates petitioner is "entitled to seek a custody redetermination hearing before an immigration judge." ECF No. 6 at 1. Respondent does not explain how petitioner—whom ICE detained under section 1225(b), which does not permit a bond hearing—is nonetheless "entitled" to request such a hearing.[3]

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v.*

---

[2] Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41. This holding accords with seven other Courts of Appeals. *See Guerrero Orellana v. Moniz*, 188 F.4th 1, 14 (1st Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 305 (3d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026).

[3] I note that petitioner requested a custody redetermination hearing by an immigration judge on July 12, 2026. ECF No. 6-1 at 9. However, respondent brought petitioner for a bond hearing before an immigration judge on October 19, 2026, only after he filed the habeas petition in this matter. The immigration court order states that petitioner "withdrew" his request in light of the instant petition. If petitioner had persisted in having a custody redetermination hearing in immigration court, there is no guarantee that the court would have found that it had jurisdiction to consider his request. In *Matter of Yajure Hurtado*, the BIA held that immigration judges lack jurisdiction to hear a request for bond where the noncitizen is detained under section 1225(b)(2)(A). 29 I. & N. Dec. at 228-29. As noted, respondent asserts that petitioner is detained under this section. ECF No. 6 at 1. Respondent offers no assurances that, if petitioner requested a bond hearing, an immigration judge would have the authority to provide him one, rather than rejecting the request for lack of jurisdiction. *See id.*

*Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Moreover, where the government has erroneously applied section 1225(b) to a petitioner, courts have ordered immediate release. *See, e.g.*, *Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025); *Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug. 25, 2026); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-5661-DAD-SCR, 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). In *Feng v. Lyons*, the court held that a delay "in providing the statutorily mandated bond hearing violates [a petitioner's] due process rights" and found that the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right." No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citations omitted).

Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention without a bond hearing. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the provision of a bond hearing months later is constitutionally insufficient. *See Feng*, 2026 WL 472635, at *1. Petitioner has no criminal history, and respondent does not argue that he is a flight risk or a danger. *See* ECF No. 6; ECF No. 6-1 at 2. Accordingly, I recommend that petitioner be immediately released.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 235-624-528) from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. This order does not address the

circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE